NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3490
_____

UNITED STATES OF AMERICA

v.

ZHYKEIR MALIK BURDINE,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 5-19-cr-00104-001)
District Judge: Honorable Jeffrey L. Schmehl

_____

Submitted under Third Circuit LAR 34.1(a)
on June 24, 2021

Before: CHAGARES, PORTER and ROTH, Circuit Judges

(Opinion filed: December 2, 2021)

_____

OPINION[*]
_____


ROTH, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Zhykeir Burdine appeals the procedural and substantive reasonableness of his sentence upon revocation of his supervised release. We will affirm.[1]

## I.

In 2019, Burdine pleaded guilty to bank fraud and was sentenced to one month's imprisonment and three years' supervision. In April 2020, he was arrested and charged in state court with several crimes relating to breaking into his ex-girlfriend's home and assaulting her. He was also charged in federal court with violating the terms of his supervision because of those crimes, failing to notify probation of other police contact in February 2020, and failing to enroll in drug treatment. Burdine pleaded *nolo contendere* to the supervision violations. The Guidelines range was twenty-four to thirty months' imprisonment. The District Court sentenced him to twenty-seven months' imprisonment and nine months' supervision. Burdine appeals that sentence.

## II.

In imposing a sentence, a district court must consider, *inter alia*: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct", "to protect the public from further crimes of the defendant", and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment"; (3) "the kinds of sentence and the sentencing range established

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and 18 U.S.C. § 3583(e). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

for" the violation under the Guidelines; and (4) "the need to avoid unwarranted sentence disparities" among similarly situated defendants.[2] Burdine argues that the District Court failed to consider several § 3553(a) factors, including his educational background and medical needs, the need to avoid sentencing disparities, and possible alternatives to incarceration. Because Burdine did not raise these issues below, we review for plain error.[3] We find none.

A district "court need not . . . discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing."[4] The District Court took the § 3553(a) factors into account here. It heard Burdine's account of the violation. It considered Burdine's criminal history, stating that Burdine "ha[s] a lot" of prior offenses that are "starting to add up."[5] It considered deterrence, stating that it gave Burdine a "break" in his original sentence, that his violation occurred just five months into his supervision, and that "when [Burdine] eventually get[s] out" he should "really try to stay on the right side of law enforcement."[6] It considered the need to avoid sentencing disparities, stating that Burdine's particular violation was "extremely serious."[7] It considered Burdine's argument that he should

---

[2] 18 U.S.C. § 3553(a); *see also id.* § 3583(e)(3) (requiring courts to consider certain § 3553(a) factors in deciding to revoke supervision).

[3] *See United States v. Flores-Mejia*, 759 F.3d 253, 259 (3d Cir. 2014).

[4] *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007) (citation and quotation marks omitted).

[5] Appx. 28:18–20.

[6] Appx. 28:21–23, 35:12–23.

[7] Appx. 35:18–22. Notably, Burdine does not even suggest that twenty-seven months' imprisonment is out of line with similar revocations of supervision.

receive a non-custodial sentence. It considered the government's argument that incarceration is necessary for deterrence and to protect the public (*i.e.*, Burdine's ex-girlfriend). And it considered the Guidelines, imposing a sentence in the middle of the advisory range. Failing explicitly to discuss purported educational and medical needs (that Burdine still has not identified)[8] is not plain error.

Burdine also argues that twenty-seven months' imprisonment is substantively unreasonable because this was his first violation of supervision. We review the reasonableness of a revocation of supervision for abuse of discretion.[9] The District Court determined that a middle-of-the-Guidelines sentence was necessary after considering the appropriate sentencing factors, including Burdine's lengthy criminal history. A Guidelines sentence is presumptively reasonable,[10] and a district court's decision "not to give . . . mitigating factors the weight that [the defendant] contends they deserve does not render [the] sentence unreasonable."[11] Accordingly, the District Court did not abuse its discretion.

### III.

We will affirm the judgment of sentence of the District Court.

---

[8] In the Pre-Sentence Report (PSR), prepared for his original sentencing, the Probation Office stated that Burdine reported no chronic mental or physical health issues and had a high school diploma.

[9] *See United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

[10] *United States v. Lacerda*, 958 F.3d 196, 215 (3d Cir. 2020) (citation omitted).

[11] *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007). Additionally, although Burdine has not previously violated *federally imposed terms of supervision*, his PSR shows that he in fact violated state court-imposed probation in 2019.